## SCHMIDINGER *v.* CITY OF CHICAGO.

ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

No. 115.   Argued December 20, 1912.—Decided January 13, 1913.

The right of the legislature, or the municipality under legislative authority, to regulate one trade and not another is well settled as not denying equal protection of the laws.

The right of the legislature, or the municipality acting under state authority, to regulate trades and callings in the exercise of the police power without Federal interference under the due process clause of the Fourteenth Amendment, is also well settled. *Gundling* v. *Chicago*, 177 U. S. 183.

The making and selling of bread, particularly in large cities, is obviously a trade subject to police regulation.

Local legislative authorities, and not the courts, are primarily the judges of the necessities of local situations calling for police regula-

tion, and the courts can only interfere when such regulation arbitrarily exceeds a reasonable exercise of authority.

The fact that laws prescribing standard sizes of loaves of bread and prohibiting the sale of other sizes have been sustained by the courts of several States shows the necessity for police regulation of the subject.

Mere inconvenience to merchants conducting a business subject to police regulation does not vitiate the exercise of the power.

There is no absolute liberty of contract, and limitations thereon by police regulations of the State are frequently necessary in the interest of public welfare and do not violate the freedom of contract guaranteed by the Fourteenth Amendment. *C., B. & Q. R. R. Co.* v. *McGuire*, 219 U. S. 549.

The ordinance of Chicago of 1908 enacted under legislative authority, fixing standard sizes of bread loaves and prohibiting the sale of other sizes, is not unconstitutional as depriving those dealing therein of their property without due process of law or as denying them equal protection of the law or as interfering with their liberty of contract. 245 Illinois, 317, affirmed.

THE facts, which involve the constitutionality under the Fourteenth Amendment of the bread loaf ordinance of the City of Chicago, are stated in the opinion.

*Mr. Harry Rubens*, with whom *Mr. Benjamin F. Ninde* was on the brief, for plaintiff in error:

The prohibition of the making of loaf bread in weights such as were in large demand at the time of the passage of the ordinance in question in the ordinary and customary course of business, and in weights which are necessary to satisfy reasonable and legitimate business requirements, although the loaves are labeled in accordance with their exact weight, and therefore no fraud is attempted, unreasonably, arbitrarily and unnecessarily interferes with the legitimate pursuit of an ordinary, private and useful business and with the right of contracting in relation thereto. It thus deprives the plaintiff in error of liberty and property without due process of law. *Buffalo* v. *Collins Baking Co.*, 39 N. Y. App. Div. 432; *Lochner* v.

*New York,* 198 U. S. 45, 64, and see *Kansas* v. *McCool,* 83 Kansas, 428.

In whatever language a law may be framed, its purpose must be determined by its natural and reasonable effect, and the presumption that it was enacted in good faith cannot control the determination of the question whether it is or is not repugnant to the Constitution of the United States. The police power cannot be put forward as an excuse for oppressive and unjust legislation. *Minnesota* v. *Barber,* 136 U. S. 313; *Brimmer* v. *Rebman,* 138 U. S. 78; *Yick Wo* v. *Hopkins,* 118 U. S. 356; *Lochner* v. *New York,* 198 U. S. 45, 64.

The sanitary provisions of the ordinance, and the requirements of correct labels and facilities for weighing are legitimate and appropriate regulations for the protection of health and for the prevention of imposition and fraud and are not complained of. The ordinance, however, improperly prohibits the making of contracts by the baker with his customer for large quantities of loaf bread, not for resale in the loaf but for restaurant and hotel use, in weights other than those fixed in the ordinance.

The plaintiff in error was charged with and found guilty of making and selling bread in loaves in excess of the prescribed weights, although correctly labeled as to the actual weight thereof and otherwise in accordance with the ordinance.

Cases relied on by the state court, such as *Munn* v. *The People,* 69 Illinois, 80; *S. C., Munn* v. *Illinois,* 94 U. S. 113; *Guillotte* v. *New Orleans,* 12 La. Ann. 432; *Mayor* v. *Yuille,* relate to businesses affected with a public interest and to ordinances passed to meet conditions which have ceased to exist.

In *Paige* v. *Fazackerly,* 36 Barb. 392; *Re Nasmith,* 2 Ontario, 192; *Commonwealth* v. *McArthur,* 152 Massachusetts, 522; *People* v. *Wagner,* 86 Michigan, 594, either the

constitutional question was not raised at all or the ordinance was different from the one here involved, so that these cases do not apply.

The attack of plaintiff in error on the ordinance is directed not only, and not so much, to the power itself, when limited to ordinary retail sales and in the absence of legitimate special contracts to the contrary, but principally to the manner in which the power has been exercised by the City of Chicago. See *Attorney* v. *Farrell*, 18 Cox C. C. 321; 1 Dillon's Mun. Corp., 3d ed., p. 328; *Hawes* v. *City*, 158 Illinois, 653; *C. A. & R. R. Co.* v. *Carlinville*, 200 Illinois, 314; *Wice* v. *C. & N. W. R. R.*, 193 Illinois, 351, 356; *Chicago* v. *Gunning System*, 214 Illinois, 628.

The real purpose of the ordinance is arbitrarily to influence the price of bread. This appears from the schedules annexed to brief of plaintiff in error.

*Mr. William H. Sexton* and *Mr. Joseph F. Grossman*, for defendant in error, submitted:

The power of the City of Chicago to prescribe the weight of bread in the loaf is expressly conferred by statute, and the decision of the Supreme Court of the State of Illinois in the case at bar precludes this court from questioning the right to exercise that power by the City of Chicago. Starr & Curtis Ann. Stat. of Ill., vol. 1, p. 705; cl. 52, § 1, art. 5 of the Cities and Villages Act; *Schmidinger* v. *Chicago*, 243 Illinois, 167, 171; *Fischer* v. *St. Louis*, 194 U. S. 362; *People's Gas Light Co.* v. *Chicago*, 194 U. S. 1; aff'g 114 Fed. Rep. 384, 388; *Mobile, Jackson &c. R. R. Co.* v. *Mississippi*, 210 U. S. 187.

The regulation of the weight of bread in the loaf has been recognized by all courts as a legitimate exercise of the police power of the State. *People* v. *Wagner*, 86 Michigan, 594; *Paige* v. *Fazackerly*, 36 Barb. 392; *Commonwealth* v. *McArthur*, 152 Massachusetts, 522; *Schmidinger* v. *Chicago*, 243 Illinois, 167; *Kansas* v. *McCool*, 83 Kansas,

428; *In re Nasmith*, 2 Ontario, 192; *Guillotte* v. *New Orleans*, 12 La. Ann. 432; *Mayor* v. *Yuille*, 3 Alabama, 137.

Laws providing for the prevention and detection of imposition and fraud are generally held to be free from constitutional objection, on the ground that they are a proper exercise of the police power of the State. *Heath & Milligan Mfg. Company* v. *Worst*, 207 U. S. 338; *Lemieux* v. *Young*, 211 U. S. 489; *Plumley* v. *Massachusetts*, 155 U. S. 461; *Capital City Dairy Co.* v. *Ohio*, 183 U. S. 238; *Powell* v. *Pennsylvania*, 127 U. S. 678; *Chicago* v. *Bowman Dairy Co.*, 234 Illinois, 294; *Waterbury* v. *Newton*, 50 N. J. L. 534; *People* v. *Arensberg*, 105 N. Y. 123; *State* v. *Rogers*, 95 Maine, 94; *Commonwealth* v. *Waite*, 11 Allen, 264; *State* v. *Cipperly*, 101 N. Y. 634, rev'g 37 Hun, 219; *State* v. *Campbell*, 64 N. H. 402; *State* v. *Smyth*, 14 R. I. 100; *State* v. *Schlenker*, 112 Iowa, 642; *State* v. *Crescent Creamery Co.*, 83 Minnesota, 284; *State* v. *Williams*, 93 Minnesota, 155; *State* v. *Holton*, (Iowa), 126 N. W. Rep. 1125; *American Linseed Oil Company* v. *Wheaton* (S. D.), 125 N. W. Rep. 127.

The ordinance is not so arbitrary and unreasonable in its terms as to amount to a confiscation of the property rights of plaintiff in error or to a deprivation of his freedom of contract in the sale of bread, in violation of the Fourteenth Amendment.

Both property and liberty are held on such reasonable conditions as may be imposed by the governing power of the state in the exercise of its police powers, and no person has such absolute and unqualified right of control over his liberty or property that it cannot be curtailed by the sovereign power of the state for the general welfare of the people. *Lochner* v. *New York*, 198 U. S. 45, 53; *St. Louis &c. Ry.* v. *Paul*, 173 U. S. 404, 409; *Holden* v. *Hardy*, 169 U. S. 366, 391, 392; *Lawton* v. *Steele*, 152 U. S. 133, 136.

A very wide discretion must be given to the legislative department of Government in determining the manner

and extent of the exercise of the police powers of the State. "Exact wisdom and nice adaptation of remedies are not required by the Fourteenth Amendment, nor the crudeness, nor the impolicy nor even the injustice of state laws redressed by it." *Heath & Milligan Mfg. Co.* v. *Worst*, 207 U. S. 338, 354–355; *Jacobson* v. *Massachusetts*, 197 U. S. 11, 25, 31; *Otis* v. *Parker*, 187 U. S. 606, 608, 609; *Gundling* v. *Chicago*, 177 U. S. 183, 188; *Lawton* v. *Steele*, 152 U. S. 133, 136; *Crowley* v. *Christensen*, 137 U. S. 86, 91, 92; *Powell* v. *Pennsylvania*, 127 U. S. 678, 686.

The impossibility of baking a loaf of bread so that it will be of the weight prescribed in the ordinance at all times after it leaves the oven, does not render it unreasonable in view of the construction of the ordinance by the Supreme Court of the State of Illinois that it prohibits the sale of loaves of bread which are short in weight only.

In cases involving police power, the interpretation placed by the highest court of the State upon its statutes and the ordinances of its municipalities is conclusive on the Federal court. *Smiley* v. *Kansas*, 196 U. S. 447, 455; *St. Louis &c. Ry.* v. *Paul*, 173 U. S. 404, 408; *M., K. & T. Railway* v. *McCann*, 174 U. S. 580, 586; *Tullis* v. *L. E. & W. R. R.*, 175 U. S. 348, 353.

The ordinance does not by its terms, nor in effect, regulate the price of bread. *Chicago* v. *Schmidinger*, 243 Illinois, 167, 173.

MR. JUSTICE DAY delivered the opinion of the court.

The City of Chicago instituted suit against the plaintiff in error in the Circuit Court of Cook County, Illinois, to recover penalties for certain violations of an ordinance of that city. The violations alleged in the declaration which are material here consisted in the making and selling of loaves of bread differing in weight from the weights prescribed by the ordinance. Upon the first trial in the Cir-

cuit Court judgment was rendered in favor of the plaintiff in error, then defendant. The judgment was reversed upon appeal to the Supreme Court of Illinois and the case remanded to the Circuit Court (243 Illinois, 167). That court, following the decision of the Supreme Court of Illinois, rendered judgment for certain penalties against the plaintiff in error. The case was again appealed to the Supreme Court of Illinois and the judgment affirmed in a *per curiam* opinion, following 243 Illinois, *supra* (245 Illinois, 317). The case was then brought here on writ of error.

The ordinance in question, passed January 6, 1908, undertakes to regulate the sale of bread in the loaf within the City of Chicago, and the parts pertinent to the present case provide:

"Section 2. Every loaf of bread made or procured for the purpose of sale, sold, offered or exposed for sale in the City of Chicago shall weigh a pound avoirdupois (except as hereinafter provided) and such loaf shall be considered to be the standard loaf in the City of Chicago. Bread may also be made or procured for the purpose of sale, sold, offered or exposed for sale, in half, three-quarter, double, triple, quadruple, quintuple or sextuple loaves, and in no other way. Every loaf of bread made or procured for the purpose of sale, sold, offered or exposed for sale in the city shall have affixed thereon in a conspicuous place a label at least one inch square, or if round, at least one inch in diameter, upon which label there shall be printed in plain type . . . the weight of the loaf in pound, pounds or fraction of a pound avoirdupois, whether the loaf be a standard loaf or not. The business name and address of the maker, baker or manufacturer of the loaf shall also be printed plainly on each label.

"Section 3. Every maker, baker or manufacturer of bread, every proprietor of a bakery or bakeshop, and every seller of bread in the City of Chicago shall keep scales and

weights, suitable for the weighing of bread in a conspicuous place in his bakery, bakeshop or store, and shall, whenever requested by the buyer and in the buyer's presence, weigh the loaf or loaves of bread sold or offered for sale.

"Section 4. If any person, firm or corporation shall make or procure for the purpose of sale, sell, offer or expose for sale within the City of Chicago, any bread . . . the loaf or loaves of which are not standard, half, three-quarter, double, triple, quadruple, quintuple or sextuple loaves as defined in section 2 of this ordinance, . . . or shall make or procure for the purpose of sale, sell, offer or expose for sale, within the City of Chicago any standard loaf or loaves of bread which do not weigh one pound each, or any bread the loaf or loaves of which do not weigh as much as the weight marked thereon, or any bread the loaf or loaves of which do not have affixed thereon the label marked as hereinbefore provided, contrary to the provisions of this ordinance, such person, firm or corporation shall be fined not less than ten dollars nor more than one hundred dollars for each offense.

"Section 5. The provisions of this ordinance . . . shall not apply to . . . what is commonly known as 'stale bread' sold as such, provided the seller shall at the time of sale, expressly state to the buyer that the bread so sold is stale bread."

The objections of a Federal character arise from alleged violations of the Fourteenth Amendment to the Constitution of the United States. The plaintiff in error avers that the due process clause of that Amendment is violated in that the ordinance is an unreasonable and arbitrary exercise of the police power and constitutes an unlawful interference with the freedom of contract included in the protection secured to the individual under that Amendment. In the Supreme Court of Illinois error was also assigned because of the violation of the clause of the Four-

teenth Amendment guaranteeing equal protection of the laws. That insistence does not appear to be made here, and the right of the legislature or municipal corporation under legislative authority to regulate one trade and not another is too well settled to require further consideration.

At the hearing the plaintiff in error introduced testimony which tended to establish the following facts: There are between 800 and 1,000 bakers in the City of Chicago, together making about fifty per cent. of the bread consumed in that city. Bread is sold in Chicago in large quantities at certain prices per loaf, 95% of the bread made by the bakers, outside of the restaurant business, consisting of loaves sold for five cents or multiples thereof, and 85% of such bread being sold for five cents a loaf. The five-cent loaf weighs about fourteen ounces when baked, and the weight of the bread in the loaf varies and is adjusted in accordance with the fluctuations in the price of raw material, labor and other elements of expense of production and the different qualities of bread and as a result of competition. There is a considerable demand in Chicago, especially in the restaurant trade, for bread in weights differing from those fixed by the ordinance. In some parts of the city bread weighing seven pounds is commonly sold. The moisture in the bread after it leaves the oven causes very appreciable shrinkage in weight, the extent of which depends upon the quality and size of the loaf, the atmospheric condition, and the dryness and temperature of the place where kept. It appears that in order to insure bread of the standard weight of sixteen ounces it is necessary to scale the dough before baking at about twenty ounces.

The record also shows that although the price of bread sold by the loaf in Chicago has generally been five cents or some multiple thereof, loaves of bread weighing approximately one pound have been sold for five, six and seven cents at different times.

The right of state legislatures or municipalities acting under state authority to regulate trades and callings in the exercise of the police power is too well settled to require any extended discussion. In *Gundling* v. *Chicago*, 177 U. S. 183, the doctrine was stated by this court as follows (p. 188):

"Regulations respecting the pursuit of a lawful trade or business are of very frequent occurrence in the various cities of the country, and what such regulations shall be and to what particular trade, business or occupation they shall apply, are questions for the State to determine, and their determination comes within the proper exercise of the police power by the State, and unless the regulations are so utterly unreasonable and extravagant in their nature and purpose that the property and personal rights of the citizen are unnecessarily, and in a manner wholly arbitrary, interfered with or destroyed without due process of law, they do not extend beyond the power of the State to pass, and they form no subject for Federal interference."

See also in this connection *Holden* v. *Hardy*, 169 U. S. 366; *McLean* v. *Arkansas*, 211 U. S. 539, and other cases in this court reviewed and commented upon in those cases.

The making and selling of bread, particularly in a large city where thousands of people depend upon their supply of this necessary of life by purchase from bakers, is obviously one of the trades and callings which may be the subject of police regulation. This general proposition is conceded by counsel for plaintiff in error, but it is contended that the limitation of the right to sell bread which this ordinance undertakes to make in fixing a standard loaf of sixteen ounces and other half, three-quarter, double, triple, quadruple, quintuple or sextuple loaves, is such an unreasonable and arbitrary exercise of legislative power as to render it unconstitutional and void. This court has frequently affirmed that the local authorities entrusted with the regulation of such matters and not the courts are

primarily the judges of the necessities of local situations calling for such legislation, and the courts may only inter-fere with laws or ordinances passed in pursuance of the police power where they are so arbitrary as to be palpably and unmistakably in excess of any reasonable exercise of the authority conferred. *Jacobson* v. *Massachusetts,* 197 U. S. 11; *Mugler* v. *Kansas,* 123 U. S. 623; *Minnesota* v. *Barber,* 136 U. S. 313, 320; *Atkin* v. *Kansas,* 191 U. S. 207, 223; *McLean* v. *Arkansas, supra.*

Furthermore, laws and ordinances of the character of the one here under consideration and tending to prevent frauds and requiring honest weights and measures in the sale of articles of general consumption, have long been considered lawful exertions of the police power. *McLean* v. *Arkansas, supra,* 550; Freund on Police Power, §§ 274, 275. Laws prescribing standard sizes of loaves of bread and prohibiting, with minor exceptions, the sale of other sizes, have been sustained in the courts of Massachusetts and Michigan. *Commonwealth* v. *McArthur,* 152 Massa-chusetts, 522; *People* v. *Wagner,* 86 Michigan, 594.

It is contended, however, that there are special circum-stances in this case that take it out of this rule. The record shows, as we have already said, that the loaf of bread most largely sold in Chicago costs five cents and when it reaches the consumer is generally fourteen ounces in weight, and it is urged that to make a loaf of the stand-ard size of one pound, as required by the ordinance, would be extremely inconvenient at least, owing to changes and evaporation after the loaf is baked, and that to insure a loaf of full standard size it would be necessary to use twenty ounces of dough. But inconveniences of this kind do not vitiate the exercise of legislative power. The local legislature is presumed to know what will be of the most benefit to the whole body of citizens. Evidently, the council of the City of Chicago has acted with the belief that a full pound loaf, with the variations provided, would

furnish the best standard.  It has not fixed the price at which bread may be sold.  It has only prescribed that the standard weight must be found in the loaves of the sizes authorized.  To the argument that to make exactly one pound loaves is extremely difficult, if not impracticable, the Supreme Court of Illinois has answered, and this construction is binding upon us, that the ordinance is not intended to limit the weight of a loaf to a pound or the fractional part or multiple of a pound, but that the ordinance was passed with a view only to prevent the sale of loaves of bread which are short in weight.  Thousands of transactions in bread in the City of Chicago are with people who buy in small quantities, perhaps a loaf at a time, and, exercising the judgment which the law imposed in it, the council has passed an ordinance to require such people to be sold loaves of bread of full weight.  We cannot say that the fixing of these standards in the exercise of the legislative discretion of the council is such an unreasonable and arbitrary exercise of the police power as to bring the case within the rare class in which this court may declare such legislation void because of the provisions of the Fourteenth Amendment to the Constitution of the United States securing due process of law from deprivation by state enactments.

It is further urged that this ordinance interferes with the freedom of contract guaranteed by the Fourteenth Amendment, for it is said that there is a demand for loaves of bread of sizes other than those fixed in the ordinance, which demand exists among many people and also among contractors whose business requires special sizes to be made for them.  This court has had frequent occasion to declare that there is no absolute freedom of contract.  The exercise of the police power fixing weights and measures and standard sizes must necessarily limit the freedom of contract which would otherwise exist.  Such limitations are constantly imposed upon the right to contract freely,

because of restrictions upon that right deemed necessary in the interest of the general welfare. So long as such action has a reasonable relation to the exercise of the power belonging to the local legislative body and is not so arbitrary or capricious as to be a deprivation of due process of law, freedom of contract is not interfered with in a constitutional sense. See in this connection *Chicago, Burlington & Quincy Railroad Co.* v. *McGuire*, 219 U. S. 549, and the previous cases in this court reviewed in the course of the opinion in that case.

We are unable to find that the decision of the Supreme Court of Illinois, affirming the judgment against the plaintiff in error, deprived him of the constitutional rights secured by the Fourteenth Amendment to the Federal Constitution.

*Judgment affirmed.*