# SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### March 9, 1917.

## THE PEOPLE v. CHARLES H. GAAB.

#### (177 App. Div. 192.)

FOOD—SALE OF BREAD NOT MARKED WITH WEIGHT—GENERAL BUSINESS LAW, §§ 16, 17A AND 18, CONSTRUED—SALE OF BREAD BY LOAF NOT PROHIBITED—POWER OF MUNICIPAL AUTHORITIES TO MAKE RULES AND REGULATIONS.

Section 16 of the General Business Law, providing in substance that all products other than meat, meat products and butter, not in containers, shall be sold or offered for sale by standard weight, measure or numerical count, which weight, measure or count shall be marked on a label or tag attached thereto, when taken in connection with section 17a, which provides that section 16 shall not apply when the numerical count of the individual units is six or less, does not impose upon the seller of a loaf of bread a penalty for selling a loaf not placed in a container, or not marked with the weight thereof by a label or tag.

Said section 16 means that articles of food may be sold either by weight, measure or count, according to the usual customs of the people, and there is nothing contained therein which makes it obligatory to sell a loaf of bread by weight, that not being the common custom.

Although section 18 of said statute empowers the State Superintendent of Weights and Measures, with the cooperation of similar officials in cities of the first class, to establish uniform rules and regulations for carrying out the provisions of certain sections, the statute does not authorize the Superintendent of Weights and Measures of the city of New York to make a regulation requiring unwrapped bread to be sold by net weight to be marked on the bread, or on a label attached thereto, or on a sales slip, and to make a failure to comply with said regulation a criminal offense.

Although, *it seems*, that the Legislature may delegate its power to regulate the sale of commodities to certain officials, it has not, by said statute, empowered municipal authorities to make a sale of bread otherwise than by weight a penal offense.

APPEAL by the plaintiff, The People of the State of New York, from an order of the Court of Special Sessions of the City of New York, Kings county, entered in the office of the clerk of said court on the 11th day of January, 1916, granting a motion in arrest of judgment.

*Harry G. Anderson,* Assistant District Attorney (*Harry E. Lewis,* District Attorney, with him on the brief), for the appellant.

*Ellwood M. Rabenold,* for the respondent.

THOMAS, J.:

The defendant was convicted in the Court of Special Sessions of offering for sale " a loaf of bread, weighing thirteen ounces, not in a container, the standard weight, standard measure or numerical count of which was not marked on a label or a tag attached thereto." The People appeal from an order arresting the judgment. From an inspection of the information, doubt arises whether the defendant's fault was in selling a loaf of thirteen ounces, or in not selling such a loaf in a container, or in not marking the standard weight, or the numerical count, or the standard measure on a label or tag attached, for when the General Business Law (Laws of 1909, chap. 25, § 16 *et seq.,* as added by Laws of 1912, chap. 81) is consulted, there is found no authorization of such accusation in any of the varieties pleaded, and when the record is searched nothing enabling the charge to be laid appears, unless it be in " the Rules and Regulations of the Superintendent of Weights and Measures, of the City of New York," received but not returned. However, it is probable that the State Superintendent at some time did make rules and regulations applicable to the city of New York. It was expected, I assume, that the court would take judicial notice of the same in passing upon the demurrer to the infor-

mation, and the motion to dismiss it, and that the defendant should have regarded them in selling to the inspector of weights and measures a loaf of bread weighing fourteen ounces and wrapped for that official.   It was also assumed that the Court of Special Sessions had jurisdiction to entertain the proceeding, although section 18a of such act (as amd. by Laws of 1913, chap. 426) provides merely fines as penalties for violation of the named sections of the act.   But questions of mere pleading, form of action and of technical proof of rules and regulations, are in this instance disregarded for the one important consideration, whether the defendant in selling to the official what he asked to buy, viz., a loaf of bread, offended the law. Section 16 of such act is: "All meat, meat products and butter, shall be sold or offered for sale by weight.   All other commodities not in containers shall be sold or offered for sale by standard weight, standard measure or   *   *   *   numerical count; and such weight, measure or count shall be marked on a label or a tag attached thereto; provided, however, that vegetables may be sold by the head or bunch." It is plain (1) that all other commodities, except vegetables, not in containers, shall be sold (a) by standard weight, or (b) by standard measure, or (c) by numerical count.   But there is an exception in section 17a of the act (as amd. by Laws of 1913, chap. 514), where it is provided that "Sections sixteen   *   *   * shall not apply   *   *   *   when the numerical count of the individual units is six or less."   If a loaf of bread may be regarded as an "individual unit," the statute does not apply to the present sale.   The learned district attorney illustrates the exception by reference to the sale of pills, eggs, fresh fruit, buttons, safety pins.   I had not thought of section 16 as concerned with buttons or safety pins, while fresh fruit is sold by measure as well as count; but the reference to eggs is quite appropriate.   But assume that a person sells a half dozen biscuits, rolls or other products of breadstuff in petit loaves, does

the statute through section 17a then exempt the sale, or are not such things bread? I will not pursue the inquiry at what point in size or in weight, if at any, a loaf of bread loses its identity and in law becomes something capable of numerical count, but would notice that bread is sold not only in a single loaf, but in varying numbers of loaves. However, the essential consideration is that the homely, everyday life of families was intimately known to every member of the Legislature, and so it was familiar to them that by plain people bread was bought and sold by the loaf, or by loaves, or in its smaller forms, in one or more units, all according to the need or the resources of the purchaser. It had been so through all generations known to them. Whatever else section 17a meant, I infer that it did mean that a person selling a loaf of bread by count did not need to tag it "one loaf of bread." Section 16 meant, as seems quite too plain for argument, that articles could be sold according to the usual customs of the people; if by weight, then by standard weight; if by measure, then by standard measure; if by count, then by the common methods of traffic. It is noticeable that the word "standard" is associated with "weight," that it is repeated for the word "measure," but not for the words "numerical count." However, I would think that if there were a standard for a commodity sold by "numerical count," it must be observed. Nothing is more thoroughly known and recognized than that in this State bread is sold by the loaf and not by weight. The curious student or the economist, and perchance others, may know of laws remote from the present common life regulating the weight of bread, or even of the introduction of such laws in particular localities requiring bread to be sold by weight. Such a statute was involved in Schmidinger v. Chicago (226 U. S. 578). If, now, the intention of section 16 was to provide that the habit of vending bread in the State could be changed, and that it could not be sold by the loaf as theretofore, and that, if some official saw fit, it should

be sold by weight, some glimpse of that intention should be found in the statute. But the language of section 16 makes no disclosure of such intention. But it is answered that the evidence upon which the Legislature acted shows the impracticability of treating in detail the form, manner, weight and similar matters relating to innumerable articles, but that it does show the recommendation that bread should be sold by weight, and that the present act accords substantially with the bill proposed to the Legislature. If all that may be deemed in the record, the inquiry remains where does the act effectuate the object desired by the person advising the Legislature? It is answered that the provision was made in section 18 of the act in question, which is: " The State Superintendent of Weights and Measures with the co-operation of the chief or principal weights and measures officials of the cities of the first class shall establish uniform tolerances or amounts of reasonable variation and shall make uniform rules and regulations for carrying out the provisions of sections sixteen, sixteen-a, seventeen, seventeen-a and seventeen-b." The co-operating officials may " make uniform rules and regulations for carrying out " the several sections. Hence, the argument is, they may and did add the following to section 16: " Bread. Unwrapped bread shall be sold by net weight, which shall be marked on the bread or on a label attached thereto, or on a sales slip, as provided in regulation (13) ; wrapped bread shall have the net weight marked on the wrapper; markings shall be in bold-faced type letters at least one-ninth (1-9″) of an inch in height for bread which weighs one-half pound, one pound, one and one-half pounds, two pounds, two and one-half pounds or three pounds, and in letters at least three-sixteenths (3-16″) of an inch in height for weights other than those specified above. A variation of ten

(10%) per cent will be allowed." The contention is that power to make rules and regulations to carry out what the Legislature enacted, to wit, that articles could be sold in ways stated, authorized officials to make it a criminal offense to sell unwrapped bread other than by net weight, shown by marks, label, or sales slip, in bold-faced type of dimensions given. That is not carrying out what the Legislature enacted. It disputes the enactment by prohibiting commerce along its usual and recognized lines, and by taking away the ways tendered by the Legislature and substituting another, and that other something that is not in accord with existing law or the long existing custom of the people. "A" sells bread by loaf on Monday and is innocent because he does what the law justified; he sells it on a future day and becomes a criminal because a power to regulate the existing law has been exercised by amending the act so as to make penal what was customary and right. In my judgment such amendment to the statute is not to rule and to regulate its operation, but to enact a penal provision that has found no place in the policy of the State. I am not discussing the power of the Legislature to delegate to officials the ability to determine in what manner commodities shall be sold. It is, indeed, a great responsibility to cast upon one official or co-operating officials, but how far it is necessary or within the power of the Legislature to enable persons to enact criminal laws may be postponed to a time when decision is necessary. However, when the Legislature devolves such a wide jurisdiction upon its official to subvert the commonplace dealings of the people, there should be no uncertainty in its declaration, and something more than power to carry out an existing act should be proclaimed. If the Legislature intended to vest in individuals, agents of the State, the power to determine whether articles should be sold by weight, measure or by numerical count, how easily there could be interpolated in section 16, after the words "numerical count," " as the State Superintendent of Weights and Measures

shall ordain." The present difficulty is that the superintendent has ordained it under the guise of regulation. One does not need to be unsympathetic with his purpose to condemn the excess of his authority.

The information should have been dismissed, and the order in arrest of judgment should be affirmed.

JENKS, P. J., MILLS, RICH and PUTNAM, JJ., concurred.

Order of the Court of Special Sessions affirmed.