By the Court.
Sections 3659 and 3670, General Code, so far as pertinent, read:
“Sec. 3659. To regulate billiard and pool tables, nine or ten pin alleys or tables, and shooting and ball alleys; and to authorize the destruction of instruments or devices used for the purpose of gambling.”
“Sec. 3670. To regulate and license * * * billiard rooms,” etc.
Acting under these powers, as well as the home-rule powers of the constitution, the city of Cincinnati on February 26, 1918, passed an ordinance, which provided, among other things:
“Provided, however, that no license shall be granted to a person who is not a citizen of the United States.”
The relator, Charles Balli, was a subject of Greece and on June 28, 1918, made application to defendant in error to issue a pool table license to him. The defendant in error, obedient to the ordinance, refused such license, and a writ of mandamus was invoked to compel him to issue such license.
The sole question, therefore, is as to the constitutionality of such ordinance.
Similar questions have been before other courts of last resort, especially ordinances regulating licenses to hawkers and peddlers. In Commonwealth v. Hana, 195 Mass., 262, the Massachusetts court held:
“The requirement * * * that a license as a hawker and pedler shall be granted only to a person who is or has declared his intention to become
*287 a citizen of the United States, is constitutional as a reasonable exercise of the police power.”
In Schmidinger v. City of Chicago, 226 U. S., 578, it is held:
“The right of the legislature, or the municipality under legislative authority, to regulate one trade and not another is well settled as not denying equal protection of the laws. * * *
“Local legislative authorities, and not the courts, are primarily the judges of the necessities of local situations calling for police regulation, and the courts can only interfere when such regulation arbitrarily exceeds a reasonable exercise of authority.”
A statute found in 100 Ohio Laws, 89, containing substantially the same provision as does the ordinance of Cincinnati, was before the supreme court of Ohio in Bloomfield v. State, 86 Ohio St., 253, in which cause this particular provision was questioned as being contrary to both state and federal constitution. The court says, at page 266:
“We do not think the statutes of Ohio, and of other -states, which have barred aliens from the liquor traffic in the manner stated have arisen from a spirit of race hatred or inhospitality, or a purpose to deny the equal protection of our laws or equal opportunity under our institutions. But they are based on the belief, that an alien can not be sufficiently acquainted with our institutions, and our life, to enable him to appreciate the relation of this particular business to our entire social fabric. When he has become more familiar with the spirit of the American people and their laws and has be *288 come a citizen, he will easily and readily (in the conduct of the -business) assist in the furtherance of the policy of the state.”
Subsequently thereto this same doctrine, which had been held not to be a violation of any provision of state or federal constitution then existing, was expressly incorporated in Section 9, Article XV, of the Constitution, the pertinent part thereof reading as follows:
“License to traffic in intoxicating liquors shall not be granted to any person who at the time of making application therefor is not a citizen of the United States and of good moral character.”
From the foregoing it is quite apparent that the constitution, the statute and the decisions of this court happily cooperate in declaring the public policy of the state which sustains this salutary provision of the ordinance.
The authorities of Cincinnati are presumed to be more familiar with such local conditions than any foreign tribunal or court.
We find no abuse of discretion nor violation of any constitutiona-1 principle in the ordinance attacked. The ordinance, therefore, is a valid and constitutional ordinance and the judgment of the court below is accordingly affirmed.

Judgment affirmed.

Nichols, C. J., Jones, Matthias, Johnson, Donahue, Wanamaker and Robinson, JJ., concur.