**WONDER BAKERIES CO., Inc., v. WHITE,**
**Governor of Ohio, et al.**
**No. 1007.**

District Court, S. D. Ohio, E. D.

March 28, 1933.

312

Paul M. Herber and H. A. Toland, both of Columbus, Ohio, for plaintiff.

Gilbert Bettman, of Cincinnati, Ohio, for defendant.

Before HICKENLOOPER, Circuit Judge, and HOUGH and NEVIN, District Judges.

PER CURIAM.

By agreement of the parties the questions of the propriety of issuing an interlocutory injunction in this cause and of the right to a permanent injunction upon the merits were submitted to the statutory three-judge court at the same time and upon the same evidence.

Section 1090-37 of the General Code of Ohio provides that: "Bread shall not be sold or offered or exposed for sale otherwise than by weight and shall be manufactured for sale and sold only in units of sixteen or twenty-four ounces, or multiples of one pound. * * * The weights herein specified shall be construed to mean net weights twelve hours after baking and to be determined by the average weight of at least twenty-five loaves. Such unit weights shall not apply to rolls and such bread as shall be defined as fancy bread by the secretary of agriculture. Every loaf of bread manufactured for sale, sold, offered or exposed for sale shall have affixed thereon a plain statement in plain position of the weight of the loaf of bread, [and] the business name of the maker, baker, or manufacturer. * * * "

Section 1090-38 further provides that: "The secretary of agriculture shall prescribe such rules and regulations as may be necessary to enforce the preceding section, including reasonable tolerances or variations within which all weights shall be kept, provided, however, that such tolerances or variations shall not exceed one ounce per pound over or under the standard unit for single loaves, provided, however, that tolerance permitted in the weighing of twenty-five or more loaves shall not exceed one-half ounce per pound. * * * "

The regulations promulgated by the Secretary of Agriculture limiting the maximum weight, or providing a maximum tolerance, were held in violation of the Fourteenth Amendment of the Federal Constitution in Holsum Baking Co. v. Green, 45 F.(2d) 238 (D. C. Ohio, three-judge case), this decision being based upon that of Jay Burns Baking

Co. v. Bryan, 264 U. S. 504, 44 S. Ct. 412, 414, 68 L. Ed. 813, 32 A. L. R. 661. It is now and here contended by the petitioner that, by virtue of these decisions, all the provisions of sections 1090-37 and 1090-38 must be regarded as invalid, and that the bakers of Ohio are now free to market bread in whatever weight loaf they think would best conform to the present public demand. Specifically, it is said that there is a large demand for a loaf of bread weighing twelve ounces, since such a loaf could be sold for a less price than the one-pound loaf, and would more nearly satisfy the requirements of the average small family.

We are of the opinion that the result claimed by the petitioner does not necessarily follow from the decisions in Holsum Baking Co. v. Green and Jay Burns Baking Co. v. Bryan. One part of a statute may be enforceable as constitutional, and another be declared inoperative and void, because unconstitutional. The test is whether the parts are so distinctly separable that each can stand alone, and whether the court is able to see and to declare that the intention of the Legislature was that the part pronounced valid should be enforceable, even though the other part should fail. Pollock v. Farmers' Loan & Trust Co., 158 U. S. 601, 635, 15 S. Ct. 912, 39 L. Ed. 1108; Poindexter v. Greenhow, 114 U. S. 270, 304, 330, 5 S. Ct. 903, 962, 29 L. Ed. 185, 207; Chicago, M. & St. P. R. Co. v. Westby (C. C. A. 8) 178 F. 619, 630, 47 L. R. A. (N. S.) 97. The reason for holding the Nebraska statute unconstitutional in Jay Burns Baking Co. v. Bryan was largely based upon the fact that "the evidence clearly establishes that there are periods when evaporation under ordinary conditions of temperature and humidity prevailing in Nebraska exceeds the prescribed tolerance and makes it impossible to comply with the law without wrapping the loaves or employing other artificial means to prevent or retard evaporation." The specific conclusion of the court was "that the provision, that the average weights shall not exceed the maximums fixed, is not necessary for the protection of purchasers against imposition and fraud by short weights and is not calculated to effectuate that purpose, and that it subjects bakers and sellers of bread to restrictions which are essentially unreasonable and arbitrary, and is therefore repugnant to the Fourteenth Amendment."

In the present case the petitioner admits the power of the Legislature to fix "a standard," but contends that the one-pound

standard is an unreasonable interference with its lawful business. That the business of making and selling bread is a permissible subject of regulation may not now be denied. Schmidinger v. Chicago, 226 U. S. 578, 33 S. Ct. 182, 57 L. Ed. 364. Nor do we think that the adoption of a standard one-pound loaf is to be considered as an unreasonable exercise of the state's police power. Since the effective date of the statute in question, September 7, 1921, bakers have quite uniformly complied with its provisions. The public has become accustomed to the one-pound loaf. The evidence discloses no insurmountable obstacle to the maintenance of this minimum weight. In our opinion, it would be conducive to those underweight sales and that technically fraudulent misrepresentation and imposition, which the statute was designed to prevent, if bakers were now permitted to furnish whatever weight loaf they desired, without restriction.

That the baker may furnish a loaf of bread weighing eighteen or twenty ounces under the one-pound label cannot deceive or defraud the public, but to sell a fourteen-ounce loaf, without label, might have a direct tendency so to do. However, with the wisdom of the legislation we have no concern, and as to the separability of the provisions as to maximum and minimum weights and tolerances we have no doubt. Although, as we have stated, the evidence indicates that no difficulty should be experienced in observing the provision fixing a minimum weight, we are likewise of the opinion that the provision authorizing the Secretary of Agriculture to prescribe reasonable tolerances or variations from such minimum weight as may be necessary to meet unusual conditions of temperature, humidity, or shipment remains unaffected by the holdings of invalidity as to maximum tolerances, and that this power should be exercised to prevent possible injustice to a baker who is honestly attempting to comply with the law. In our opinion, there is nothing to indicate that, had the Legislature been advised of the invalidity of the provision as to maximum limitation and tolerance, it would not, nevertheless, have provided for a minimum weight; and there is much to indicate that this would have been done. The two matters are not so closely connected, or so interdependent, that the one may not be given entire effect notwithstanding the invalidity of the other. To hold that the Legislature would not have adopted the minimum weight provision, which directly relates to a matter of public welfare, unless it might also adopt a maximum permissible variation or tolerance, which has no direct connection with public welfare, is to hold that which is contrary to reason and common sense.

The further contention of the petitioner that all loaves are now labeled one pound, whether they in fact weigh sixteen or twenty ounces, and that by reason of this fact the petitioner is subjected to unfair competition by those who offer larger and more attractive-looking loaves under the one-pound label, and presumably for the same price, has no proper place in the present action. The fact of such competition would not make the statute unconstitutional, and, if the practice be unfair, relief must be sought elsewhere. So also we think that there is no just ground for the contention that by reason of the statute the baker is required to sell a substantially greater weight of bread as a one-pound loaf, in order to be safe from prosecution. The evidence discloses that the weight of the bread is subject to surprisingly close regulation by those skilled in baking, and the court cannot assume in advance that the law will not be given constitutional administration, as by unwarranted prosecution or a failure to permit reasonable tolerances.

We do not find it necessary to decide whether under the present legislation the Secretary of Agriculture is at liberty to require that all loaves weighing sixteen ounces or more, but less than twenty-four ounces, be labeled as weighing not less than one pound, and all those weighing twenty-four ounces, but less than two pounds, be labeled as weighing not less than a pound and a half, and so on. It seems sufficient to us that there appears an express legislative intent to prescribe a minimum weight loaf of one pound, and that the matter of regulations may be left to the officer who was charged by the Legislature with the duty of promulgating them.

For the reasons stated, the application for injunction is denied. An order may be prepared by counsel dismissing the bill of complaint.