STATE OF NEBRASKA V. THEODORE H. McCOSH.
279 N. W. 775

FILED MAY 20, 1938. No. 29995.

*Richard C. Hunter, Attorney General, Bert L. Overcash, Rush C. Clarke* and *Robert W. Patterson,* for plaintiff in error.

*Howarth N. Olsen* and *W. F. McGriff, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and WILLIAM A. DAY, District Judge.

EBERLY, J.

This is a proceeding by the county attorney of Scotts Bluff county to secure a review of the decision of the district court for that county made in the above-entitled cause, wherein that court determined that section 81-903, Comp. St. Supp. 1935, and sections 81-905, 81-910, and 81-911, Comp. St. 1929, "are unconstitutional and void." The provisions of the statutes referred to, so far as involved in this proceeding, are as follows:

Section 81-903, Comp. St. Supp. 1935: "For the purpose of this chapter an article shall be deemed to be adulterated: * * * C. In the case of ice cream and/or dairy products made in the semblance of ice cream. If it does not contain at least fourteen per cent. butter fat, finish, and of fruit cream twelve per cent. butter fat, finish, if it contains any ingredient deleterious or detrimental to health. Provided: There shall be allowed a tolerance of one-half per cent. provided the one-half per cent. is not constantly below the standard."

Section 81-905, Comp. St. 1929: "The term 'food,' as used herein shall include all articles used for food, drink, confectionery or condiment by man or animals, whether simple, mixed or compound."

Section 81-910, Comp. St. 1929: "No person shall, within this state, manufacture for sale therein or have in his possession with intent to sell * * * articles of food * * * which are adulterated * * * within the meaning of this title (article)."

Section 81-911, Comp. St. 1929: "Any person * * * violating any of the provisions of this article (81-901 to 81-914), shall be guilty of a misdemeanor, and, upon con-

viction thereof, shall be fined in a sum not less than ten ($10) dollars nor more than one hundred ($100) dollars."

The complaint in writing, on which this trial was had, in apt language charged that the defendant, McCosh, "did then and there, wilfully and unlawfully have in his possession with intent to sell certain articles of food which were adulterated, to wit, twenty-five gallons of a dairy product, made in the semblance of ice cream, which did not contain at least fourteen per cent. of butter fat."

After the introduction of evidence and submission of the case, a judgment of guilty as charged was entered in due form, and thereafter a motion for a new trial was sustained by the trial court and the proceeding was dismissed because the provisions of law upon which the prosecution was based were deemed unconstitutional and void.

It is the contention at the bar of this court that chapter 117, Laws 1931, was enacted in violation of section 14, art. III of the Constitution of the state of Nebraska, for that (1) the act is broader than the title; (2) that it in effect amends section 81-904, Comp. St. 1929, a part of the chapter of which the amended section 81-903 also constituted a part, and that section 81-904 is not contained in the amendment nor is this section repealed.

The questioned title is in the following form: "An act to amend section 81-903, Compiled Statutes of Nebraska for 1929, and to define ice cream and prescribe the tolerance and to repeal section 81-903, Compiled Statutes of Nebraska for 1929."

Read in connection with the body of the enactment of which it is the title, we find it ample and sufficient. It fairly appears that the act is not broader than the title. Nor is it vulnerable to the objection that section 81-904 is not contained in the amendment nor is this section repealed. Section 81-903 is wholly occupied with the subject of adulteration. Section 81-904 is limited to the subject of misbranding. The proviso, upon which the challenge of defendant in error to the validity of this legislation is based, forms a part of the fifth section of division "B" of section

81-904, Comp. St. 1929. The controlling construction of this proviso is:

"The operation of a proviso is usually and properly confined to the clause or distinct portion of the enactment which immediately precedes it, and does not extend to or qualify other sections, unless the legislative intent that it shall so operate is clearly disclosed." 59 C. J. 1090. See, also, *Paxton & Hershey Irrigating Canal & Land Co. v. Farmers & Merchants Irrigation & Land Co.*, 45 Neb. 884, 64 N. W. 343.

The language of this proviso, thus limited, is wholly restricted to section 81-904, and has no application to section 81-903. The amendment of 1931 to section 81-903 in no manner affects or qualifies the legal effect of the proviso under consideration, and therefore it is not vulnerable to the objection on which the defendant in error relies.

Lastly, the defendant in error insists that chapter 117, Laws 1931, is an arbitrary and unlawful exercise of police power, and violates the Fourteenth Amendment to the Constitution of the United States, and section 3, art. I of the Nebraska Constitution.

The substance of the provisions here under consideration was originally enacted as chapter 109, Laws 1913. It was then incorporated into the Civil Code as article V, title 3, ch. 190, Laws 1919. In turn this provision was carried into the Compiled Statutes of 1929 as sections 81-901 to 81-914, inclusive. The amendment of 1931 adds to the specific provisions of section 81-903, the words "and/or dairy products made in the semblance of ice cream," and also by way of a modification adds to this provision a specific tolerance.

In this connection, it may be said that "ice cream" as defined by Webster's New International Dictionary (2d ed.) is: "A frozen food containing cream, or butter fat, flavoring, sweetening, and, usually, eggs; specif., such a food made smooth by stirring during freezing;—distinguished from *parfait* and *mousse*."

So, too, the same lexicographer gives as one of the defini-

tions of the word "dairy" the following: "An establishment for the sale or distribution of milk or milk products," and among its combinations and phrases the term "dairy product" is noted.

The facts upon which the information in this case is based are not in dispute. The defendant is the proprietor of the McCosh drug store at Gering, Nebraska. He has and uses in this establishment a "Mills counter freezer" in which he freezes "Temptation ice cream," "Frozen Luxury," and "sherbets," and which he sells to his patrons in the drug store. The test of the "Temptation ice cream" thus sold disclosed that it contained a butter fat content of 15.5 per cent. butter fat; the test of "Frozen Luxury" revealed a butter fat content of but 6.9 per cent. It further appears that the "Temptation ice cream" sold by Mr. McCosh contains, for every 100 pounds of mix, two dozen fresh eggs, 14 pounds of sugar, and 36 per cent. solids and 18 per cent. butter fat. "Frozen Luxury" is made substantially with the same amount of eggs, milk, sugar, and solids, but with the butter fat reduced to 7 per cent. To both products flavoring ingredients are added. As to the appearance of "Frozen Luxury" as sold, the undisputed testimony is that "It was just like any other ice cream, perhaps a little coarser in grain, but outside of that the texture was the same as any ice cream." It is obvious that both "Temptation ice cream" and "Frozen Luxury" are within the terms of the statute quoted, and within the scope of the penalties and prohibitions provided. "Temptation ice cream" complies with and conforms to the statutory mandate, but "Frozen Luxury" violates the same, and thereby subjects the violator to the penalties therein provided. In view of the public policy evidenced by the terms of the statute, immunity cannot be established by substitution of a mere trade-name for a product which its constituent elements fairly identify as one embraced within the terms of the regulating statute.

The right of the state, under the police power, to enact laws which are designed to provide a minimum amount

of nutritional elements and prevent fraud and deception in the sale of foodstuffs extends to ice creams and to dairy products made in the semblance of ice cream, and such enactments are not arbitrary, excessive, or unlawful·exercises of the police power, and do not violate the Fourteenth Amendment to the Constitution of the United States, nor transgress section 3, art. I of the Nebraska Constitution. *Hutchinson Ice Cream Co. v. State of Iowa,* 242 U. S. 153, 61 L. Ed. 217; *State v. Hutchinson Ice Cream Co.,* 168 Ia. 1, 147 N. W. 195; *Carolene Products Co. v. Evaporated Milk Ass'n,* 93 Fed. (2d) 202; *United States of America v. Carolene Products Co.,* 58 Sup. Ct. Rep. 778; *Powell v. Pennsylvania,* 127 U. S. 678, 32 L. Ed. 253; *Schmidinger v. City of Chicago,* 226 U. S. 578, 57 L. Ed. 364; *Armour & Co. v. State of North Dakota,* 240 U. S. 510, 60 L. Ed. 771.

It follows that the provisions of the laws upon which the prosecution in the instant case was based were valid, the information charged an offense thereunder which was fully proved by the evidence introduced, and the action of the trial court complained of on this appeal is wholly unjustified. The exceptions of the county attorney are, therefore, sustained.

EXCEPTIONS SUSTAINED.