# ROGERS *v.* STATE OF ARKANSAS.

## BARNHILL *v.* SAME.

ERROR TO THE SUPREME COURT OF THE STATE OF ARKANSAS.

Nos. 576, 577.  Argued January 21, 1913.—Decided February 24, 1913.

*Crenshaw* v. *Arkansas, ante,* p. 389, followed to effect that the license tax required by the Arkansas act of April 1, 1909, regulating the sale of certain specified articles, is unconstitutional under the commerce clause as applied to persons soliciting orders for articles to be shipped from without the State.

144 S. W. Rep. 211, reversed.

THE facts, which involve the constitutionality under the commerce clause of the Federal Constitution of a law

of the State of Arkansas imposing a license on persons
making sales within the State as applied to articles de-
livered from without the State, are stated in the opinion.

*Mr. A. C. Lyon* for plaintiff in error: [1]

The Arkansas statute, correctly construed, does not
apply to an interstate commerce transaction such as the
agreed statement of facts in this case shows. Plaintiff in
error was not engaged in peddling and his acts do not
come within the scope of the Arkansas statute. *Common-
wealth v. Farnum,* 114 Massachusetts, 267; *St. Paul v.
Briggs,* 85 Minnesota, 290; *State v. Moorhead,* 20 S. E.
Rep. 544; *Kansas v. Collins,* 8 Pac. Rep. 865; *Davenport
v. Rice,* 75 Iowa, 74; *Spencer v. Whiting,* 68 Iowa, 678;
*Potts v. Texas,* 74 S. W. Rep. 31; *State v. Ivey,* 50 S. E.
Rep. 428; *Kennedy v. People,* 9 Colo. App. 290; *Hewson
v. Englewood,* 27 Atl. Rep. 904; *State v. Franks,* 130 Nor.
Car. 724; *Wausaw v. Heideman,* 96 N. W. Rep. 549; *Cerro
Gordo v. Rawlings,* 135 Illinois, 36; *Stamford v. Fisher,* 140
N. Y. 187; *State v. Wells,* 45 Atl. Rep. 143; *Kimmel v.
Americus,* 105 Georgia, 694; *Clements v. Casper,* 4 Wyo-
ming, 494; *Brookfield v. Kitchen,* 163 Missouri, 546; *Pegues
v. Ray,* 50 La. Ann. 574; *Hynes v. Briggs,* 41 Fed. Rep.
468; *In re Kimmel,* 41 Fed. Rep. 775; *In re Spain,* 47
Fed. Rep. 208; *In re Houston,* 47 Fed. Rep. 539; *In re
Flynn,* 57 Fed. Rep. 496; *Chicago Portrait Co. v. Macon,*
147 Fed. Rep. 967; *State v. Gruber,* 133 N. W. Rep. 571;
*Clark v. State,* 59 So. Rep. 236.

The Arkansas Supreme Court, however, in *Crenshaw
v. Arkansas,* 130 S. W. Rep. 569, and *Rogers v. Arkansas,*
144 S. W. Rep. 211, have construed the statute to ap-
ply to strict interstate commerce transactions. Whether
correctly construed or not, this does not raise a Federal

---

[1] See also argument for plaintiff in error in *Crenshaw v. Arkansas,*
*ante,* p. 390.

question, and this court will follow the interpretation of the Arkansas Supreme Court.

Plaintiff in error was engaged in interstate commerce. *Gloucester Ferry Co.* v. *Pennsylvania,* 114 U. S. 196, 203; *Addyston Pipe Co.* v. *United States,* 175 U. S. 211, 241; *Kidd* v. *Pearson,* 128 U. S. 1, 20; *Robbins* v. *Shelby Taxing District,* 120 U. S. 489, 497; *Asher* v. *Texas,* 128 U. S. 129; *Leisy* v. *Hardin,* 135 U. S. 100; *Brennan* v. *Titusville,* 153 U. S. 287; *Stockard* v. *Morgan,* 185 U. S. 27; *Caldwell* v. *North Carolina,* 187 U. S. 622; *Rearick* v. *Pennsylvania,* 203 U. S. 507; *Dozier* v. *Alabama,* 218 U. S. 124.

The Arkansas statute attempts to regulate and impose a burden upon interstate commerce, and is, therefore, unconstitutional and void.

The act of Arkansas is invalid because, in its effect and operation it practically applies only to non-residents and hence abridges the privileges and immunities of the citizens of the several States. None of the articles named are manufactured to any great extent, if at all, in Arkansas. Taxing those who peddle or sell these articles, therefore, imposes a burden upon non-resident manufacturers who must furnish all the necessary supply, and limits and prescribes the methods by which they can sell their product in Arkansas. Statutes in which such a discrimination or any discrimination against non-residents results from express terms, are plainly unconstitutional. *Ward* v. *Maryland,* 12 Wall. 418; *Welton* v. *Missouri,* 91 U. S. 275; *Guy* v. *Baltimore,* 100 U. S. 434; *Webber* v. *Virginia,* 103 U. S. 344.

Statutes which have the effect and operation of discriminating against the citizens of outside States are equally as invalid and unconstitutional as those which expressly so discriminate. *Utah* v. *Bayer,* 97 Pac. Rep. 129; *Oregon* v. *Wright,* 100 Pac. Rep. 296; *Smith* v. *Farr,* 104 Pac. Rep. 401; *Minnesota* v. *Barber,* 136 U. S. 313; *Brimmer* v. *Rebman,* 138 U. S. 78; *Robbins* v. *Shelby Taxing Dist.,* 120 U. S. 489.

The act of Arkansas is prohibitive and confiscatory, and deprives persons of life, liberty or property without due process of law, and hence is unconstitutional and invalid. The statute is intended to destroy and annihilate the business covered by its terms. *In re McCoy,* 101 Pac. Rep. 419; *Laundry License Case,* 22 Fed. Rep. 701; *Postal Tel. Co.* v. *Taylor,* 192 U. S. 64; *Cache County* v. *Jensen,* 21 Utah, 207; *Spaulding* v. *Evenson,* 149 Fed. Rep. 913; *Utah* v. *Bayer,* 97 Pac. Rep. 129; *Smith* v. *Farr,* 104 Pac. Rep. 401; *Iowa City* v. *Glassman,* 136 N. W. Rep. 899; *Carrollton* v. *Bazzette,* 159 Illinois, 284; *People* v. *Jenkins,* 94 N. E. Rep. 1065; 1 Tiedeman State and Fed. Control, 505.

The act unreasonably discriminates between persons who are substantially in the same position and creates an arbitrary classification, and, therefore, denies the equal protection of the laws to those against whom it discriminates and is in contravention of the Fourteenth Amendment. *Oregon* v. *Wright,* 100 Pac. Rep. 296; *Utah* v. *Bayer,* 97 Pac. Rep. 129; *Smith* v. *Farr,* 104 Pac. Rep. 401; *Ex parte Jones,* 43 S. W. Rep. 513; *State* v. *Wagener,* 72 N. W. Rep. 67; *Spokane* v. *Macho,* 98 Pac. Rep. 755; *Jackson* v. *State,* 117 S. W. Rep. 818; *State* v. *Gardner,* 51 N. E. Rep. 136; *State* v. *Justus,* 97 N. W. Rep. 124; *State* v. *Smith,* 84 Pac. Rep. 851; *Henry* v. *Campbell,* 67 S. E. Rep. 390; *State* v. *Miksicek,* 125 S. W. Rep. 507; *People* v. *Wilber,* 90 N. E. Rep. 1140; *In re Van Horne,* 70 Atl. Rep. 986; *Tacoma* v. *Krech,* 46 Pac. Rep. 255; *Denver* v. *Bach,* 58 Pac. Rep. 1089; *Seaboard Ry.* v. *Simon,* 47 So. Rep. 1001; *State* v. *Ashbrook,* 55 S. W. Rep. 627; *Gulf &c. Railway* v. *Ellis,* 165 U. S. 150; *Connolly* v. *Union Sewer Pipe Co.,* 184 U. S. 540; *In re Grice,* 79 Fed. Rep. 627; *Cotting* v. *Kansas City Stock Yards Co.,* 183 U. S. 79.

The statute is a type of similar laws enacted in many States, all of which are trade laws pure and simple. They are not passed in a *bona fide* attempt to exert the police

power of the State to remedy a public evil. As a matter of common knowledge, they are passed at the instance and request of a certain kind or class of dealers or traders in order to build up and strengthen their own business, and to keep out the competition of those whose business would interfere with their own. *People* v. *Ringe*, 90 N. E. Rep. 451; *State* v. *Rice*, 80 Atl. Rep. 1026; *Wyeth* v. *Cambridge*, 86 N. E. Rep. 925; *Great Atl. & Pac. Tea Co.* v. *Tippecanoe*, 96 N. E. Rep. 1092; *People* v. *Jenkins*, 94 N. E. Rep. 1065; *Jewel Tea Co.* v. *Lee's Summit*, 189 Fed. Rep. 280; *State* v. *Smith*, 84 Pac. Rep. 851; *State* v. *Ashbrook*, 55 S. W. Rep. 627; *People* v. *Marx*, 2 N. E. Rep. 29; *People* v. *Gilson*, 17 N. E. Rep. 343; *Lochner* v. *New York*, 198 U. S. 45; *Robbins* v. *Shelby Taxing District*, 120 U. S. 489; *Caldwell* v. *North Carolina*, 187 U. S. 622; *Denver Jobbers Ass'n* v. *People*, 122 Pac. Rep. 404; *Oregon* v. *Wright*, 100 Pac. Rep. 296; *Smith* v. *Farr*, 104 Pac. Rep. 401; *Utah* v. *Bayer*, 97 Pac. Rep. 129; *Ex parte Deeds*, 75 Arkansas, 542; *Ex parte Eaglesfield*, 180 Fed. Rep. 558; *Potts* v. *State*, 74 S. W. Rep. 31; *Spaulding* v. *Evenson*, 149 Fed. Rep. 913; *In re Kinyon*, 75 Pac. Rep. 268; *In re Jarvis*, 71 Pac. Rep. 576; *State* v. *Wagener*, 72 N. W. Rep. 67; *State* v. *Parr*, 123 N. W. Rep. 408; *Bacon* v. *Locke*, 83 Pac. Rep. 721; *Stratton* v. *State*, 137 N. W. Rep. 903; *State* v. *Garbroski*, 111 Iowa, 296.

*Mr. Charles C. Reid*, with whom *Mr. Hal L. Norwood*, Attorney General of Arkansas, *Mr. Wm. H. Rector*, Assistant Attorney General, and *Mr. T. M. Mehaffy* were on the brief, for defendant in error: [1]

The act neither in terms nor by fair implication can be confined to non-residents of Arkansas, but is applicable to all engaged in the occupation of peddling regardless of whether they are residents. The statute does not have

---

[1] See also abstract of argument in *Crenshaw* v. *Arkansas*, *ante*, p. 389.

the effect of discriminating against the citizens outside of the State. *Ex parte Byles*, 93 Arkansas, p. 620.

Counsel are in error in insisting that the statute selects a few articles not manufactured in this State and imposes a prohibitive tax on the sale thereof, thus excluding foreign manufactured articles and preventing non-resident merchants from selling them here. Even if none of these articles are manufactured in the State, that does not affect the validity of the statute, nor is the tax or license fee of $200 per annum prohibitive. *Armour Packing Co.* v. *Lacy*, 200 U. S. 226; *Machine Co.* v. *Gage*, 100 U. S. 676; *Emert* v. *Missouri*, 156 U. S. 296; *In re Watson*, 17 S. Dak. 468; *State* v. *Webber*, 214 Missouri, 272; *Singer Mfg. Co.* v. *Wright*, 97 Georgia, 114; *State* v. *Montgomery*, 92 Maine, 433; *Hays* v. *Commission*, 107 Kentucky, 655; *People* v. *Smith*, 147 Michigan, 391; *State* v. *Stevenson*, 109 Nor. Car. 730; *Ex parte Haylman*, 92 California, 492.

As to the classification features of the statute, see also *Brown-Forman Co.* v. *Kentucky*, 217 U. S. p. 571; *S. W. Oil Co.* v. *Texas*, 217 U. S. p. 126.

Except as restrained by its own constitution or by the Constitution of the United States, a State by its legislature has full power to prescribe any system of taxation which, in its judgment, is best or necessary for its people and government.

Whether the enactment of a statute is really adapted to bring about the result desired from its passage and calculated to promote the general welfare, are all matters with which the state court is familiar, but a like familiarity cannot be ascribed to this court. *Welsh* v. *Swasey*, 214 U. S. p. 105; *McLean* v. *Arkansas*, 211 U. S. p. 547; *Jacobson* v. *Massachusetts*, 197 U. S. 11; *Mugler* v. *Kansas*, 123 U. S. 623; *Minnesota* v. *Barber*, 136 U. S. 313, 320; *Atkins* v. *Kansas*, 191 U. S. 207–223; *Williams* v. *Arkansas*, 217 U. S. p. 90; *M., K. & T. Ry. Co.* v. *May*, 194 U. S. 267.

The statute is not in contravention of the Fourteenth

Amendment. The statute in respect of the particular class of wholesale dealers mentioned in it is to be referred to the governmental power of the State, in its discretion, to classify occupations for purposes of taxation. The State, keeping within the limits of its own fundamental law, can adopt any system of taxation or any classification that is deemed best by it for the common good and the maintenance of its government, provided such classification be not in violation of the Fourteenth Amendment. *Bell's Gap Rd. Co.* v. *Pennsylvania,* 134 U. S. 232, 237; *Home Ins. Co.* v. *New York,* 134 U. S. 594; *Connolly* v. *Union Sewer Pipe Co.,* 184 U. S. 540, 562. For other cases in which the court considered the meaning and scope of the equal protection clause, see *Kentucky Railroad Tax Cases,* 115 U. S. 321, 337; *Magoun* v. *Illinois Trust & Savings Bank,* 170 U. S. 283, 294; *Am. Sugar R. Co.* v. *Louisiana,* 179 U. S. 89; *W. W. Cargill Co.* v. *Minnesota,* 180 U. S. 452; *Cook* v. *Marshall Co.,* 196 U. S. 268.

It is no objection to a statute that a discrimination is made in favor of or against a given class so long as the discrimination is based upon a reasonable foundation in fact pertaining to the duties of the class as citizens or as taxpayers. *Am. Sugar R. Co.* v. *Louisiana,* 179 U. S. 89.

The regulation of the business of itinerant peddlers is very ancient. *State* v. *Webber,* 214 Missouri, 272, and see statement of Baron Graham, in *Attorney General* v. *Tongue,* 12 Price, 51, that such acts are to protect, on the one hand, fair traders, particularly established shopkeepers, resident permanently in towns and other places, and paying rent and taxes there for local privileges, from the mischiefs of being undersold by itinerant persons, to their injury, and, on the other hand, to guard the public from the impositions practiced by such persons in the course of their dealings, who, having no known residence, carry on a trade by means of vending goods conveyed from place to place by horse or cart. See also *Graffly* v. *Rushville,* 107 Indiana, 502.

MR. JUSTICE DAY delivered the opinion of the court.

The plaintiffs in error were convicted of peddling buggies in Greene County, Arkansas, without having paid the license or privilege tax required by an act of the Arkansas legislature approved April 1, 1909 (Act 97, Acts of 1909, p. 292), regulating the sale of lightning rods, steel stove ranges, clocks, pumps and vehicles in the counties of that State. (The provisions of such statute are set out in the case just decided, *Crenshaw* v. *Arkansas.*) The Supreme Court of Arkansas affirmed the judgments upon the authority of *Crenshaw* v. *State*, 95 Arkansas, 464 (144 S. W. Rep. 211), and the cases are here upon writ of error.

The cases were submitted upon an agreed statement of facts, the gist of which is that the Spaulding Manufacturing Company, a partnership, with its principal place of business and factory at Grinnell, Iowa, manufactures buggies and automobiles which are sold directly to the consumers throughout the United States. It has no permanent place of business in Arkansas, but sends a force of salesmen or canvassers, in charge of a superintendent, into Greene and other counties of Arkansas, who travel about exhibiting their sample buggies and taking orders for future delivery. Where orders are taken, a memorandum is signed by the purchaser, stipulating for the delivery of the vehicle within a certain time, and a note for the purchase price is secured. The orders are turned over to the superintendent, who, if he finds the financial responsibility of the customers satisfactory, transmits the orders to an agent of the company at Memphis, Tennessee, where vehicles of the company of various grades and kinds are stored. Vehicles to fill the orders are selected, tagged with the name of the purchaser, and shipped in car-load lots to a place near where they are to be delivered, consigned to the company. An employé of the company, usually

a different person from the salesman, called a deliveryman, receives the vehicles and delivers them to the respective purchasers, no storage house being maintained at that point. It was further agreed that no vehicles, save the samples, which are never sold, are brought into or stored in Arkansas, except for the purpose of delivery upon orders previously taken; and no vehicles are sold other than upon orders taken before they are brought into the State. The plaintiffs in error were salesmen and transacted the business above described.

The manner in which the business of soliciting orders for and delivering vehicles was done by the Spaulding Manufacturing Company, differs in no practical or material particular from that employed by the Wrought Iron Range Company in the case just decided (*Crenshaw v. Arkansas*). In fact, the only difference is that the ranges were shipped to the company, bearing no marks to identify the purchasers, and were delivered to the purchasers by the deliverymen without distinction, while the vehicles were tagged at Memphis and upon arrival in Arkansas were delivered by the deliverymen to the purchasers whose names appeared upon the tags attached to the vehicles. This is merely a matter of detail in the manner in which the business is conducted and does not affect its character. The decision in *Crenshaw v. Arkansas, ante,* p. 389, has dealt with precisely the same statute and substantially the same facts and controls the present cases.

The judgments of the Supreme Court of Arkansas must therefore be reversed and the cases remanded to that court for further proceedings not inconsistent with this opinion.

*Reversed.*