# *Ex parte* State.

## *Certiorari.*

(Decided May 1, 1913. 61 South. 901.)

*Commerce; Interstate; License; Statutes.*—Section 2361, Code 1907, subdivision 58 is without application to persons engaged in the business of selling lightning rods whose transactions are limited to interstate commerce.

Certiorari to Court of Appeals.

Petition by the State through its Attorney General, for certiorari to the Court of Appeals, to review the

[Ex parte State.]

judgment of that court, reversing the judgment of the lower court in the case of *State v. J. Scurry Clark,* 4 Ala. App. 202; 59 South. 236, charged with selling lightning rods without license. Certiorari denied.

R. C. Brickell, Attorney General, and T. H. Seay, Assistant Attorney General, for the State. Under the statement of facts in this case as agreed to by both parties, the defendant was not engaged in interstate commerce.—*General Oil Co. v. Crane,* 209 U. S. 212.

Winn & Winn, for appellee. The agreed statement of facts showed that Clark was engaged in interstate commerce, and hence, that subdivision 58, section 2361, Code 1907, can have no application to him or his business.—*In re Spain, et al.,* 47 Fed. 208; 218 U. S. 965; *Moog v. State,* 145 Ala. 75; 141 U. S. 47.

SOMERVILLE, J.—In this case the Court of Appeals held that the defendant was in properly convicted of a violation of subdivision 58 of section 2361 of the Code, which provides that "each person, firm, or corporation who engages in the business of selling or delivering lightning rods" shall pay a license charge of $25 annually "for each county in which they may sell or deliver said articles." The conclusion was that defendant's acts were interstate commerce, and that there was nothing in said subdivision indicating that it was a part of the legislative purpose to require "such payment to be made by a person, firm, or corporation whose acts, in selling or delivering lightning rods, are interstate commerce transactions."

We find nothing in the agreed statement of the facts of this case which brings it within the operation of *Oil Company v. Crain,* 209 U. S. 212, 28 Sup. Ct. 475, 52

L. Ed. 754. On the contrary, we think that it falls directly within the operation of *A. C. Crenshaw v. State of Arkansas,* 227 U. S. 389, 33 Sup. Ct. 294,, and *P. L. Rogers v. State of Arkansas,* 227 U. S. 401, 33 Sup. Ct. 298. The opinion of the Court of Appeals, which was written by Walker, P. J., correctly states the law as applied to the facts of the case, and is in harmony with the current of decisions of the Supreme Court of the United States.

The writ of certiorari is denied.

ANDERSON, MCCLELLAN, and SAYRE, JJ., concur.