WILLIAMS v. McCARTAN et al.

(District Court, W. D. New York. March 17, 1914.)

1. CONSTITUTIONAL LAW (§ 206*) — LICENSES (§ 7*) — CONSTITUTIONALITY OF STATUTES—DISCRIMINATION AGAINST NONRESIDENTS.

Buffalo City Charter, tit. 2, § 17, subd. 7, prohibiting the granting of a license to run a stationary engine unless the applicant has been a resident of the city for three years, even though licensed as a marine engineer, and an ordinance carrying this provision into effect, are unjust, discriminatory, and void under Const. U. S. Amend. 14, since while the state might require applicants to submit to an examination, and if found qualified give them a stationary engineer's license of the same relative grade as the United States license, it could not, because of residence, deny an examination as to the applicant's qualifications; it not appearing that

this provision was necessary to protect the public health, safety, or welfare.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 625–648; Dec. Dig. § 206;* Licenses, Cent. Dig. §§ 7–15, 19; Dec. Dig. § 7.*]

2. COURTS (§ 282*)—UNITED STATES COURTS—JURISDICTION—CONSTITUTIONAL QUESTIONS.

A suit in which a city charter and an ordinance pursuant thereto denying licenses as stationary engineer to nonresidents of the city were attacked as violative of Const. U. S. Amend. 14, might be maintained in the United States District Court, though there was no diversity of citizenship.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 820–824; Dec. Dig. § 282.*]

In Equity. Suit by Frank R. Williams against Robert T. McCartan, City Examiner of Stationary Engineers of Buffalo, and others. Decree for complainant.

Frank R. Williams, of Syracuse, N. Y., in pro. per.

William S. Rann, of Buffalo, N. Y. (Frank C. Westphal, of Buffalo, N. Y., of counsel), for defendants.

HAZEL, District Judge. The bill alleged a conspiracy on the part of the defendants, Robert T. McCartan, the city of Buffalo, the National Association of Stationary Engineers, and the International Union of Stationary Engineers, to carry into operation provisions of the charter and ordinances of the city of Buffalo prohibiting granting to a nonresident a license to run a stationary engine within the limits of said city. The evidence adduced at the hearing did not show the existence of a conspiracy, and hence the bill was dismissed as to the National Association of Stationary Engineers and the International Union of Stationary Engineers, and the action continued against the city of Buffalo and the individual defendant, McCartan, the regularly appointed examiner of stationary steam engineers, empowered to enforce the provisions of the charter and ordinances under discussion.

The averments contained in the bill, exclusive of the conspiracy charge, are sufficient to disclose the intention of the pleader, a layman who appears in person and who resides in the city of Syracuse in this state, to charge an invasion of his constitutional rights because of the enactment and enforcement of an unjust and discriminatory ordinance by the city of Buffalo. The bill is crudely drawn, and in its present form is perhaps not wholly free from technical objection, but no point has been made of this, and therefore the question of the validity of the charter and ordinances in question is deemed properly presented for decision.

[1, 2] The complainant testified that he came to the city of Buffalo in 1912 in search of employment as stationary engineer, his regular trade or occupation, and made application to the defendant McCartan for a license to run a stationary engine within said city. He also testified that he applied for a renewal of a license to run a stationary engine previously granted him, which had expired, and was informed by the defendant McCartan that a license could not be granted him unless he was a resident of the city of Buffalo, and on that ground a license

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was refused him. There was testimony for the defendants that the complainant would have received a license from the examiner of steam engineers if he had conformed to the rules of the office in making an affidavit to the effect that he was the same person mentioned in the expired license held by him, but such testimony is immaterial, in view of the question raised at the trial as to the constitutionality of a provision of the charter of the city of Buffalo whereby the granting of a license to run a stationary engine to any applicant (even though he has a license as a marine engineer) is prohibited unless such applicant shall have been a resident of the city of Buffalo for three years previous to the time of applying therefor. There is an inconsistency between the charter provision, which requires three years' residence, and section 20 of the ordinances, which forbids granting an engineer's license to any applicant unless he be an actual resident of the city of Buffalo, but which specifies no period of time for such residence. See title 2, § 17, subd. 7, of the charter, and compare with chapter 19, § 20, of the municipal ordinances.

I am of the opinion that the provisions of the charter and ordinances with regard to licensing stationary engineers are unjust, discriminatory, and void in that they impair the complainant's legal rights by operating to prevent him from following his trade or occupation in the city of Buffalo. There certainly is discrimination in favor of the residents of the city of Buffalo as against nonresidents, and such discrimination is fatal because it violates the fourteenth amendment of the Constitution of the United States. The state Legislature no doubt had the power to authorize the municipality to enact an ordinance requiring applicants for licenses to run stationary engines within the city of Buffalo to submit to an examination as to their qualifications, and to give them, if found qualified, a stationary engineer's license of the same relative grade as the United States license held by them, as specified in the charter; but the Legislature cannot restrict the issuance of such licenses or of licenses, without grade classification, to engineers living in the city of Buffalo to the exclusion of nonresidents. Such a restriction is arbitrary, unreasonable, and discriminatory as to nonresidents and interferes with their pursuit of their trades and callings. The complainant, it is true, had no positive right to a license to run a stationary engine, but he had a right, without respect to his residence, to an examination as to his qualifications.

A federal court is naturally reluctant to override a state statute and an ordinance enacted in pursuance thereof, and I should have preferred that a correction had first been decreed by a state tribunal, but the asserted discrimination in favor of persons living in the city of Buffalo is so clearly shown that the complainant should not be denied relief from the burdensome conditions, and upon application to the defendants should be given an examination as to his qualifications. It was not shown that the restrictive residential feature was a necessary expedient to protect the public health, safety, or welfare, and discussion of that phase of the subject is therefore unnecessary. The right of the complainant, although a citizen of this state and not of another, to institute this action in this court is well settled by the Supreme Court

of the United States in Presser v. Illinois, 116 U. S. 258, 6 Sup. Ct. 580, 29 L. Ed. 615.

·A question similar in principle was presented in Williams v. Molther, 198 Fed. 460, 117 C. C. A. 220, an action brought by the complainant in the case at bar against the United .States local inspectors of steamboats to compel them to give him an examination for pilot's license, which they refused to do on the ground that he had not had the requisite number of years' experience. The Circuit Court of Appeals for the Second Circuit held that the rule of the Board of Supervising Inspectors of the Department of Commerce and Labor refusing to the complainant the right of examination without such period of experience was illegal and void as it deprived him of a right given him by the laws of the United States by imposing an arbitrary condition precedent to the exercise thereof. The principle of that case is thought to apply to the present case.

Complainant may have a decree in accordance with this decision, with costs.