No. 8723.

CITY OF PUEBLO v. LUKINS.

1. MUNICIPAL ORDINANCE—*Construed.* An ordinance prohibiting the distribution of circulars or advertising matter, by one without a permit, and fixing the fee for such permit at $25.00 per annum, must be regarded as a measure for raising revenue, and not as a police measure to prevent the litter of the streets with waste paper.

2. INTERSTATE COMMERCE—*Limits of.* A traveling salesman, representing a non-resident manufacturer, in order to induce the purchase of his wares by the local merchants of a city of this state, agreed with them that he would distribute among the inhabitants of the city, samples of his wares, and books showing the use thereof. *Held* this agreement was one of the means by which the shipment of the manufacturer's product was set in motion to this state, and that a tax imposed upon it by the city, was a tax on interstate commerce, and a violation of the commercial clause of the Federal Constitution.

*Error to Pueblo County Court, Hon. Frank G. Mirick, Judge.*

Mr. ALVA B. ADAMS, for plaintiff in error.

Mr. ANDREW B. GILFILLAN and Messrs. WEST & STRICKLAND, for defendant in error.

Mr. Justice Bailey delivered the opinion of the Court.

DEFENDANT in error, defendant below, was convicted in the municipal court of the City of Pueblo of distributing advertising matter within the city limits without a permit, in violation of a city ordinance. The case was appealed to the county court, where it was tried upon an agreed statement of facts. Judgment was entered for defendant, and plaintiff brings the case here for review.

Defendant is a non-resident of this State, and a traveling salesman for a New York corporation manufacturing a preparation for use in making gelatine desserts. The manufactured article is kept and stored without the State, and shipped here upon calls by local merchants. Defendant contracted and agreed with the merchants of Pueblo

to whom he sold the preparation that he would distribute samples of it, and recipe books showing its practical use, among residents and citizens of that city. While he was engaged in such distribution he was arrested and fined, under sec. 12, of ordinance number 880, which is as follows:

"Section 12. No person shall distribute or hand out circulars, placards or advertising matter within the limits of the City of Pueblo, without having received a permit so to do from the City Clerk. The fee for such permit shall be twenty-five dollars per annum."

The lower court held this ordinance to be a revenue measure and invalid, in that it was an attempt to tax interstate commerce.

The plaintiff city contends that it is a police ordinance to prevent littering the streets, frightening horses with flying papers being blown about, and to restrain the distribution of harmful and improper articles, and that it is not in conflict with constitutional provisions relative to interstate commerce. It is impossible, however, to hold this ordinance to be a police measure, for, after paying the fee and obtaining the permit, the holder thereof may, so far as this ordinance is concerned, litter the streets as he pleases, or perpetrate any of the other acts which the measure is assumed to prevent. It is clearly a revenue measure.

As Congress has sole power to regulate commerce between the State it is necessary to determine whether the ordinance is, in this instance, an interference with interstate commerce. Numerous cases have been cited to support the contention that defendant's distribution of samples and recipe books cannot be considered a part of the contract upon which the goods were sold and shipped so as to bring it within the scope of the Interstate Commerce Act.

From the stipulated facts it appears that the agreement to advertise the article in question by free distribution of books and samples, was a part of the contract, and part of the consideration therefor. It was one of the causes which put in motion the interstate shipment. In defining interstate commerce, and discussing transactions therein, in

*Butler Brothers Shoe Company v. The United States Rubber Company,* 156 Fed. 1, the court at page 17 (84 E. C. A. 183) said:

"Importation into one state from another is the indispensable element, the test of interstate commerce, and every negotiation, trade and dealing between citizens of different states, whether it be of goods, persons, or information, is a transaction in interstate commerce."

The distribution of samples was one of the means and instruments employed by defendant to introduce his wares, and bring them upon the market. In *Norfolk, etc., R. R. Co. v. Pennsylvania,* 136 U. S. 114, 34 L. Ed. 394, 10 Sup. Ct. 958, the question decided was the constitutionality of a tax upon an office maintained by the railway company within the State. It appeared that the railway itself did not extend beyond the boundaries of Virginia and West Virginia, and that it was not actually engaged in transportation within the limits of the State of Pennsylvania. It was, however, part of a system which was engaged in transporting persons and freight in interstate commerce, and the office sought to be taxed was established to further this interstate business. The court, in declaring the tax upon the office a tax upon interstate commerce, at page 120, said:

"In other words, was such a tax upon any of the means or instruments by which the company was enabled to carry on its business of interstate commerce? We have no hesitancy in answering that question in the affirmative. What was the purpose of the company in establishing an office in the city of Philadelphia? Manifestly for the furtherance of its business interests in the matter of its commercial relations. * * * A tax upon it was, therefore, a tax upon one of the means or instrumentalities of the company's interstate commerce; and as such was in violation of the commercial clause of the Constitution of the United States."

What was the purpose of the defendant in agreeing to distribute, and in distributing, samples of his wares, with books of directions for their use? It was for the purpose of

furthering his business interests, and these consist entirely of transactions in interstate commerce. A tax on any of the means or instruments used by him for this purpose is, under the authorities, in violation of the commercial clause of the Constitution, and void.

Judgment affirmed.

Mr. Chief Justice White and Mr. Justice Allen concur.