## REAL SILK HOSIERY MILLS, Inc., v. CITY OF PORTLAND et al.

(District Court, D. Oregon. December 10, 1923.)

1. **Licenses ⬤⟳7(9)—Fee not invalid, as unreasonable, unless open to attack on question of good faith.**

The size of a license fee for solicitors in a city is a question for the city authorities, and as long as it is not so unreasonable and disproportionate as to be open to attack on the question of good faith, it is valid, and an ordinance requiring a solicitor within a city to file bond for $500 and pay a license fee of $5 a month, or a quarterly license of $12.50, cannot be said to be unreasonable.

2. **Licenses ⬤⟳7(2)—City may classify persons taking orders for goods.**

It is within the authority of a city to classify persons engaged in going from place to place and taking orders for goods for future delivery and taking cash payment in advance of delivery, and to require parties doing business in that way to comply with ordinances regulating their conduct.

3. **Municipal corporations ⬤⟳63(2)—Ordinances presumed valid.**

The presumption is that an ordinance of a city is valid, and unless it is clearly invalid the court ought not to so declare.

4. **Commerce ⬤⟳12—State cannot interfere with interstate commerce.**

A state cannot by its legislation interfere with or obstruct foreign or interstate commerce.

5. **Commerce ⬤⟳12—Constitution does not prohibit state from exercising police powers to protect public.**

The commerce clause of the federal Constitution does not prohibit a state from exercising its police powers to protect the public health, public peace, public morals, or general welfare of its people.

6. **Commerce ⬤⟳67—Ordinance requiring bond and payment of license not invalid.**

A city ordinance requiring solicitors to pay a fee and execute a bond, and defining a solicitor as one who goes from place to place or from house to house selling goods for future delivery, and receiving a part of the purchase price in advance of delivery, is not invalid under the interstate commerce clause of the federal Constitution.

In Equity. Suit by the Real Silk Hosiery Mills, Incorporated, against the City of Portland and others. Decree for defendants.

Dolph, Mallory, Simon & Gearin, of Portland, Or., for plaintiff.

Frank S. Grant, City Atty., and R. A. Imlay, both of Portland, Or., for defendants.

BEAN, District Judge. This is a suit to enjoin the city of Portland from enforcing as against the plaintiff an ordinance defining solicitors, and requiring them to pay a fee and execute a bond. The ordinance provides that a solicitor within the meaning of the ordinance

---

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

shall be any person who goes from place to place, or from house to house in the city, or selling goods for future delivery, demanding or accepting and receiving a part of the purchase price in advance of delivery. It makes it unlawful for any person to act as solicitor without complying with the ordinance by filing a bond with the city in the penal sum of $500 for the protection of the people who may deal with them, and paying a license fee of $5 a month, or a quarterly license of $12.50.

The plaintiff is an Illinois Corporation. It is engaged in business in the city by sending its salesmen throughout the municipality, taking contracts for the sale and delivery of hosiery. Under its regulations, its solicitor is required to collect from each person from whom he receives an order a certain sum of money in advance. The order is then forwarded to the home office in Illinois, and the goods are sent directly to the purchaser. Now it is claimed that this ordinance is void, first, because the fees charged are exorbitant and unreasonable; second, that it is an unlawful classification of persons engaged in the sale of goods or taking orders for goods and traveling from house to house while doing so; and, third, it is an interference with interstate commerce.

[1, 2] So far as the fee charged is concerned, that is a question for the city authorities, and, as long as it is not so unreasonable and disproportionate as to be open to attack on the question of good faith, it is valid. Hendrick v. Md., 235 U. S. 610, 35 Sup. Ct. 140, 59 L. Ed. 385. I take it, it is within the authority of a municipality to classify persons engaged in going from place to place and taking orders for goods for future delivery, or requiring parties doing business in a certain way to comply with ordinances regulating their conduct. Barbier v. Connolly, 113 U. S. 27, 5 Sup. Ct. 357, 28 L. Ed. 923.

[3] But the material and important question is whether it is an interference with interstate commerce. Now, the court always approaches the consideration of the constitutionality of an ordinance of a city or law of a state with caution. The presumption is that it is valid, and unless it is clearly invalid the court ought not to so declare.

[4, 5] It is settled, of course, that the state cannot by its legislation interfere with or obstruct foreign or interstate commerce. Therefore a tax on one who travels and solicits orders for goods to be shipped from another state has been held to be a burden on interstate commerce and unconstitutional. But the Constitution was not designed to, nor does it, prohibit a state from exercising its police powers to protect the public health, the public peace, public morals, or the general welfare of its people, and the Constitution "does not secure to any one the privilege of defrauding the public." Plumley v. Massachusetts, 155 U. S. 461, 15 Sup. Ct. 154, 39 L. Ed. 223. But legislation in a great variety of ways might affect interstate commerce, and persons engaged in it, without affecting a regulation of it within the meaning of the Constitution. Legislation of a state, not directed against interstate commerce, or any of its regulations, but relating to the duties and liabilities of citizens, and only incidentally and remotely affecting the operation of commerce, is of obligatory force upon citizens within its

territorial jurisdiction, whether engaged in state or interstate commerce; hence it has been held by the Supreme Court of the United States that a state statute prohibiting the sale of colored oleomargine is valid, because it was designed and intended to prevent fraud, and that I take it was the purpose of this ordinance. Plumley v. Massachusetts, supra.

[6] It needs no argument to sustain the position that a traveling salesman, who goes from place to place in the city soliciting orders and collecting part of the purchase price in advance of delivery, opens the way for fraud. It was for the purpose of preventing such fraud that the ordinance in question was passed. In my judgment, it is not such a clear violation of the interstate commerce clause (article 1, § 8, cl. 3), or any other provision, of the national Constitution as to render it invalid. The case differs from that of the Grand Union Tea Co. Case (D. C.) 216 Fed. 791, in that it applies to all persons engaged in soliciting orders, who receive and accept a part of the purchase price in advance. It applies to all persons alike. It is not discriminatory, and therefore, in my judgment, is a valid ordinance, or at least its invalidity is not so apparent that the court should so declare.

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes