**REAL SILK HOSIERY MILLS v. CITY OF BELLINGHAM et al.**

(District Court, W. D. Washington, N. D. October 10, 1924.)

No. 424.

**1. Commerce ☛67—License tax imposed on solicitors representing manufacturer in another state held not a burden on "interstate commerce."**

A city ordinance requiring solicitors to pay a license fee is not unconstitutional, as imposing a burden on "interstate commerce," as applied to one soliciting orders for merchandise from house to house, who collects a cash payment, which he retains as his commission, and forwards the order to the seller in another state, which ships the goods C. O. D. direct to the customer.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

**2. Constitutional law ☛287—Licenses ☛7 (9)—Ordinance imposing license tax of $5 per day on solicitors held invalid.**

An ordinance requiring solicitors to pay a license fee of $5 per day held not a reasonable

exercise of the police power for safeguarding the public, but rather one for the protection of local trade from competition, and invalid as an arbitrary interference with rights guaranteed by the Constitution of the United States.

In Equity. Suit by the Real Silk Hosiery Mills against the City of Bellingham and others. On order to show cause why injunction should not issue. Temporary injunction granted.

Plaintiff alleges corporate existence under the laws of Illinois and its principal place of business at Indianapolis, Ind., where its goods are manufactured and prepared for shipment; that it sells its manufactured products in various states of the Union, and for such purpose employs solicitors, among other places, in the city of Bellingham; that when a solicitor makes a sale he takes a small cash payment with the order, retains the cash payment as his compensation, and forwards the order to the plaintiff's home office; that the order is filled by shipping the parcel direct to the purchaser by parcel post; that plaintiff's solicitor in Bellingham had been arrested, and further arrests were threatened pursuant to the provisions of Ordinance No. 3632, which ordinance requires a solicitor to pay a license fee of $5 per day; that such ordinance is in violation of amendment 14 and section 8 of article 1 of the Constitution of the United States, and imposes an unreasonable burden upon interstate commerce, is unreasonable and prohibitory, and deprives the plaintiff of property without due process of law. Upon presentation of the bill of complaint, supported by affidavit, a temporary restraining order was issued, and the defendant cited to show cause why it should not be made permanent. The defendant seeks to justify the ordinance, and prays a dissolution of the temporary restraining order.

H. C. Thompson, of Bellingham, Wash., for plaintiff.

T. D. J. Healy, of Bellingham, Wash., for defendants.

NETERER, District Judge. [1] This court considered the same ordinance in Chicago Portrait Co. v. Bellingham (D. C.) 270 Fed. 584. The facts in that case are clearly distinguished from the facts in this case in this: That the transaction of business was clearly interstate. An order was taken for the portrait, transmitted to the house at Chicago, and the portrait shipped direct to the customer, and payment was made upon receipt thereof. No advance payment was made to the solicitor, but the transaction was

one connected act from the company to the customer and the customer to the company. In the instant case the sale is a distinct service. The plaintiff has no interest in the advance payment, and the unpaid balance is paid direct to the shipper upon the receipt of the goods C. O. D. The transaction is separable. See Real Silk Hosiery Mills v. City of Portland (C. C. A.) 297 Fed. 897.

[2] It is apparent, however, that the provisions of the ordinance in issue appear to have relation to governing local business rather than local welfare, and the safeguarding of the public against fraud and deception, and is an arbitrary interference with rights guaranteed by the Constitution of the United States. Five dollars per day, as a license fee for a solicitor, plainly indicates the purpose to be to protect local trade from competition, instead of fixing a reasonable fee and conditions upon which a license will be granted, so as to safeguard the public against acts of omission or commission by persons engaged as solicitors. I think the court was right in (D. C.) 294 Fed. 587, and (C. C. A.) 297 Fed. 897, but this case is not within the rule there announced.

A temporary injunction may issue.