### CITY OF NEW BRUNSWICK, N. J., v. ZIMMERMAN.

#### No. 5738.

Circuit Court of Appeals, Third Circuit.

July 31, 1935.

Edmund A. Hayes, of New Brunswick, N. J., for appellants.

Meyer A. Reubin, of New Brunswick, N. J., for appellee.

Before 'BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a decree of the District Court for the District of New Jersey, declaring an ordinance of the city of New Brunswick, county of Middlesex, unconstitutional. The decree enjoins the city of New Brunswick, its board of commissioners, and other municipal officers from interfering with or preventing the appellee from conducting a barber shop business in the city of New Brunswick. The appellee at the time of the filing of the bill was a resident and citizen of the state of New York. He took a leasehold on premises in the city of New Brunswick, procured a permit from the New Jersey state department of health to practice as a journeyman barber, and thereupon applied to the board of commissioners of the city of New Brunswick for a license to conduct a barber shop in that city. The application was denied by the commissioners on the ground that the appellee had not been a resident of the city of New Brunswick or the county of Middlesex for a period of one year prior to his application.

Paragraph 2, section 2, of the ordinance to regulate barber shops in the city of New Brunswick, N. J., provides: "No application for a license to conduct a barber shop, except in the case of persons now conducting barber shops in the City of New Brunswick, shall be considered unless the applicant therefor shall have been a resident of the County of Middlesex for a period of at least one year, immediately preceding the making of such application; and in the case of associations and corporations, unless the persons conducting such association or corporation have been residents of the County of Middlesex for a period of at least one year immediately preceding the making of such application."

The District Court held that the ordinance was unconstitutional because in violation of the Fourteenth Amendment of the Constitution of the United States, in that it discriminated in favor of citizens of New Jersey. It is contended by the appellant that the ordinance prescribes a reasonable regulation for the protection of the health of the community and, as

such, is constitutional. We can readily see that a requirement for a physical examination of an applicant for a barber's license would not be unreasonable, in that it would enable the authorities to determine whether the applicant was likely to transmit to his patrons a communicable disease. We cannot, however, see that it is an essential factor in determining that condition that the applicant have an entire year's residence in the county. The Fourteenth Amendment provides that no state shall make or enforce any law which abridges the privileges or immunities of citizens of the United States, nor deny to any person within its jurisdiction the equal protection of the laws. It is our conclusion that the ordinance requirement as to residence had but one purpose, namely, that of discriminating in favor of residents of the county of Middlesex and citizens of the state of New Jersey and against nonresidents of the county and citizens of other states. We conclude that the ordinance requirement of one year's residence as a prerequisite to the right to conduct a barber shop within the county of Middlesex, state of New Jersey, is unreasonable, discriminatory, and in direct violation of the Fourteenth Amendment of the Constitution of the United States. Williams v. McCartan (D. C.) 212 F. 345.

The decree of the court below is affirmed.